■ Forum Insurance Company, Respondent-Appellant, v Worcester County Institution for Savings, Appellant-Respondent, et al., Defendants. [631 NYS2d 165] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered March 17, 1994, which, after a nonjury trial, granted judgment in favor of plaintiff and against Worcester County Institution for Savings ("WCIS") for the sum of $103,039.53, consisting of $75,061.80 in principal plus interest from March 30, 1990, costs and disbursements, unanimously reversed and vacated on the law and the complaint as against WCIS dismissed, without costs.

Forum Insurance Company ("Forum") commenced this action to recover monies it paid out upon its bond of individual limited partner notes payable to Trident Telecommunications Systems I, Limited Partnership ("Trident"), and pledged by Trident to WCIS as security for a loan. When, as here, the findings in a nonjury trial are based largely on uncontradicted documentary evidence, this Court is "equally empowered [as the trial court] to draw inferences and make findings of fact based upon the evidence in the record" (*Orbit Holding Corp. v Anthony Hotel Corp.*, 121 AD2d 311, 315). Upon our review of the documentary and other evidence, we find, contrary to the view of trial court, that Forum's obligations arose solely under the individual limited partner notes, and thus the fact that WCIS made an over-advance to the limited partnership did not serve to modify or terminate Forum's obligation to make good on the individual bonds. Indeed, as was conceded by one of Forum's witnesses on cross-examination, the advance of $116,000 extra to the Trident partnership did not affect the obligations of each of the individual investors and fell outside the scope of the individual notes. Thus, the over-advance did not impose on Forum any greater potential liability than it originally assumed. As Forum failed to meet its burden of proving an alteration or termination of its obligations as surety of the individual investors' notes, WCIS was entitled to judgment in its favor as a matter of law.

In light of the foregoing, we need not reach the remaining

contentions of the parties. Concur—Sullivan, J. P., Ellerin, Wallach, Williams and Mazzarelli, JJ.